## HARKRIDER–KEITH–COOKE CO. v. ABILENE ICE CO. (No. 1496.)

(Court of Civil Appeals of Texas. El Paso.
May 24, 1923. Rehearing Denied
June 21, 1923.)

1. **Landlord and tenant ⊗⇒231(6)—Proof of renewal of lease by holding over held lacking in absence of proof that lease ended on named date.**

In action for a balance due for rent of a cold storage ice vault, where defendant denied any contract for rent except that it took over its assignor's business, including the lease, and made further agreement for additional space, and at the end of the year was not notified to vacate nor of plaintiff's intention to charge an additional rate until after the new year began, and the written lease was not in evidence, and there was no evidence as to the beginning or ending of the annual rental period fixed by the contract pleaded, since it was not proven that the contract ended on a named date, proof as to renewal by holding over is lacking also.

2. **Appeal and error ⊗⇒930(3)—In absence of proof that lease did not begin and end as pleaded, presumption that issue as to notice of increase in rent was found for plaintiff.**

In action for balance of rent for a cold storage ice vault, where defendant denied any contract for rent except the contract for space assigned by its predecessor at an agreed rental, and further agreement for additional space, and that at the end of the year plaintiff did not notify defendant to vacate, nor of intention to charge additional rate until after the new year began, in view of evidence to support the proposition that the contract relied on did not begin and end as pleaded, which question was not submitted to the jury, it will be presumed that the court found issue for plaintiff.

3. **Landlord and tenant ⊗⇒231(1)—Evidence held sufficient to overcome presumption that tenant was to be permitted to hold over under existing contract.**

In action for the balance due for rent on a cold storage ice vault, where the defendant claimed the rental was fixed by its assignor's lease and the failure of lessor to notify it to vacate, or of intention to charge an additional rate until long after the new year began, evidence of lessor's letters, conversations, and a formal contract mailed, *held* sufficient to overcome the presumption that lessee was to be permitted to hold over under the predecessor's contract.

4. **Appeal and error ⊗⇒930(3)—Presumption that court resolved issue as to whether defendant held over under existing lease resolved issue in favor of judgment rendered.**

In action for the balance due on rent for a cold storage ice vault, where there was evidence sufficient to overcome the legal presumption that lessee by holding over without notice to vacate or lessor's intention to charge an additional rate held at the former rental, since such issue was not submitted nor re-

quested, the presumption obtains that the court resolved the issue in favor of the judgment rendered for lessor.

5. **Landlord and tenant ⊗⇒232—Lessee held to have no rights under alleged assigned lease, and therefore not entitled to hold premises at rental provided therein.**

Where defendant had no rights under a lease held by its predecessor, in action for balance due for rent of a cold storage ice vault, the rate fixed in the lease was not controlling, and judgment for the sum found by the jury could not be reduced to the amount fixed by the contract.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by the Abilene Ice Company against the Harkrider-Keith-Cooke Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Bryan, Stone & Wade and B. L. Agerton, all of Fort Worth, and Ben L. Cox, of Abilene, for appellant.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellee.

HARPER, C. J. The Abilene Ice Company sued Harkrider-Keith-Cooke Company for $3,800, balance due for rent of cold storage ice vault.

The petition contains two counts: First, alleges an express rental contract for the price of $321.47 per month, from August 1, 1920, to January 1, 1921, and from January, 1921, to middle of October, 1921, at $315 per month; second, that if there was no express contract then the above prices were the ones fixed and charged by plaintiff; that defendant knowing thereof used and occupied the same, and, further, that said prices were the reasonable value thereof and for that reason defendants became liable therefor.

Defendant answered by general demurrer, general denial, and specially denied that there was any contract except as shown by the circumstances, viz.: That August, 1919, Hale-Helvey-Harris Company had a contract with the plaintiff for a part of the space for the next succeeding year at an agreed rental of $154 per month; that defendants took over the business of the latter including the lease contract and made further agreement with plaintiff for additional space at $50 per month, thereby making $204.20 per month for one year; that at the end of the year plaintiff did not notify defendant to vacate nor of any intention to charge an additional rate until long after the new year began; that when they did demand the increased rate defendant refused to pay it, but continued to pay the old rate of $204.20 per month, from August, 1920, to October, 1921, when property was vacated; that this gave defendant the right to occupy the premises during such period at the old rental; that if this

did not so confer the right to occupy at the old rental then the $204.20 per month so paid was the reasonable and fair value of the premises, and by cross-action set up claim for damages for failure of the plaintiff to furnish proper cold storage which resulted in loss of fruit and vegetables.

Trial by jury, submitted upon special issues, and upon the verdict judgment was rendered for plaintiff for $1,768 from which an appeal has been perfected by defendants.

First it is contended that:

"The defendant being in possession of the vault space under a yearly contract expiring about August 4, 1920, and the plaintiff not having notified defendant to vacate or of any intention on its part to increase the rate of rental until after a new term had started, the defendant was entitled to occupy the space for another year upon the same terms and at the same rental rate as during the previous year."

If the evidence conclusively shows that appellant had a yearly contract with the appellee ending August 1 or 4, 1920, at an agreed monthly rental, and appellants were not notified of appellee's intention to end it, either in respect to its life or rental to be charged until after the date of its expiration, then the judgment entered is clearly erroneous.

The facts are that Hale-Helvey-Harris Company, doing a fruit and vegetable business in Abilene, Tex., had a contract in writing for vault space with the Abilene Ice Company. The Abilene Fruit and Vegetable Company, a branch of the Harkrider-Keith-Cooke Company, succeeded the former by purchasing its business, took over its location, including some vault space, with the ice company.

Stribling, appellant's manager, testified:

"At the time we bought out Hale-Helvey-Harris Company they were occupying four vaults, two small and a medium-sized and one large vault. We rented an additional one, and took over their contract with the exception of this additional vault."

O. A. Hale, witness for defendant, testified:

"I was with Hale-Helvey-Harris Company in 1919. The Abilene Fruit and Vegetable Company succeeded us. We had a vault space contract with the Abilene Ice Company, it was in writing." That he was unable to find it. "We paid $154.20 per month. Before turning the business over I had a conversation with a representative of the ice company in the presence of Mr. Stribling with reference to the contract. I told him that the Harkrider-Keith-Cooke Company would want the vaults that we were using, and he said that would be all right."

As to the contract witness testified:

"I do not know now independent of the contract when our lease on the vaults expired; it would be my surmise now."

Again:

"Judge Wagstaff asked me if I knew of my own knowledge when that contract expired, and whether or not it was running on the first of August. I do not know, I could not answer that intelligently; I would just have to answer to the best of my recollection. I think it ran from January or February. I would not be positive which, because three years have elapsed and I can't recall. I cannot give the date of the expiration of the contract; it did not have as long as a year to run when we sold out about the first of August, 1919."

[1, 2] The writing is not in evidence, and there is no other evidence in this record as to the beginning or ending of the annual rental period fixed by the contract pleaded by defendant between Hale-Helvey-Harris Company and Abilene Ice Company, which defendant assumed. The appellants either succeeded to the rights of the lessee under the above-described contract or else they had none. For there is neither pleading nor proof that any other contract was consummated between the parties. It follows that since it is not proven that the contract ended August 4, 1920, the proof as to a renewal by holding over is lacking also. Nor does the finding of the jury, "that the defendant did not have notice prior to August 4, 1920, that plaintiff would raise the rent on the vaults for the ensuing year," determine the question. The question was not submitted, nor was it requested to be submitted, so, since there is evidence to support the proposition that the contract relied upon did not begin and end as pleaded, it will be presumed that the court found this issue in favor of plaintiff.

In fact, the court must have concluded that there was no contract between the parties, because he has submitted the question of the reasonable value of the rental for the premises to the jury, and they have found that it was $315 per month, a different amount to that which either claimed as due, and entered its judgment upon this basis. It will be noted from the statement of plaintiff's (appellee's) pleadings that they sue upon quantum meruit.

[3] The evidence is not sufficient to prove that appellant and appellee agreed that the former should succeed to the rights of Hale Helvey-Harris Company under their contract with the ice company, but upon the other hand there is much evidence, letters, and detailed conversation, and a formal contract mailed and received by the appellant, not executed, showing affirmatively that appellee did not so agree, but was from the time appellant began to operate (August 14) insisting upon a greater rental per month, sufficient to overcome the legal presumption that appellant was to be permitted to hold over under the then existing contract. Street-Whittington Co. v. Sayres (Tex. Civ. App.) 172 S. W. 772.

[4] For this reason the presumption ob-

tains that the court resolved the issue in favor of the judgment rendered, since it was not submitted nor requested.

[5] It is next urged that the appellant was entitled to occupy the premises until notice, August 16, at the rate fixed by the existing contract, to wit, $204.20 per month, and that the judgment is excessive to extent of the difference between that sum and $315 per month found by the jury. The appellant had no rights under the old contract is the answer to this proposition.

The next proposition is that the vaults were vacated by appellants on the 15th day of October, 1921, and that the judgment rendered is excessive in the sum of $59.30. Appellant's manager testified that they occupied them until November 15, 1921. If this is the true date, the judgment is not excessive.

Affirmed.